IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:16 CR 516 |
| Plaintiff, | MEMORANDUM OPINION <u>AND ORDER DENYING DISMISSAL</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Douglas Sung Won, et al., | |
| Defendants. | |

**INTRODUCTION**

Pending before this Court are eight Motions to Dismiss (Docs. 750, 754, 758, 762, 768, 777, 778, 783 with 838) based on violations of the Speedy Trial Act and the Sixth Amendment. This Court heard oral argument on the Motions on November 28, 2018 (12/3/18 docket entry). The Government opposes the Motions (Docs. 819, 850), with a Reply (Doc. 850).

Defendants are physicians or other individuals who were associated with the now closed Forest Park Medical Center Dallas ("FPMC"), a physician-owned surgical hospital. The Indictment -- filed in November 2016 -- charges Defendants with various healthcare and financial crimes (Doc. 1). After the Indictment was filed, Defendants appeared before a judicial officer of this Court at various times, primarily in December 2016 (*see* December 2016 docket entries). Also in December 2016, this Court issued the first Criminal Trial Scheduling Order and set the case for trial on February 27, 2017 (Doc. 173). On February 14, 2017, this Court granted an unopposed motion for a continuance and, finding that the continuance served the ends-of-justice, set trial for July 10, 2017 (Doc. 289). This

Court granted another unopposed motion for a continuance on May 1, 2017 and, finding that the continuance served the ends-of-justice, set trial for January 29, 2018 (Doc. 360).

On November 13, 2017, this Court issued an Order in which Judge Fitzwater vacated the pretrial motion deadline and trial, and requested that the case be assigned to another judge from outside the Northern District (Doc. 543). Judge Zouhary was designated on January 22, 2018 to preside over the case (Doc. 561). On April 30, 2018, this Court held a hearing in which it established a firm plea deadline of August 2, 2018 and trial date of October 22, 2018 (Hrg. Tr. at 73; 75-76). Then in July 2018, Defendant Wilton McPherson Burt ("Burt") moved for -- and this Court granted -- a continuance of trial to January 22, 2019 (*see* Doc. 639 (Burt's Motion); Doc. 734 (Transcript where J. Zouhary ruled on Burt's motion).

One of the Defendants, Douglas Sung Won ("Won"), moves to dismiss the Indictment with prejudice for violations of the Speedy Trial Act and the Sixth Amendment (Doc. 750) Seven other defendants -- Jackson Jacob (8) (Doc. 754); Mrugeshkumar Kumar Shah ("Shah") (14) (Doc. 758); Burt (4) (Doc. 762); Shawn Mark Henry (13) (Doc. 768); William Daniel Nicholson, IV (12) (Doc. 777); Michael Bassem Rimlawi (10) (Doc. 778); and Carli Adele Hempel (6) (Doc. 783) -- join in Won's Motion and each has additionally filed information to support their assertion that this case should be dismissed with prejudice. While this Court refers to the positions argued in Won's Motion (Doc. 750) and Reply (Doc. 838) as "Won's" throughout the Opinion, this Court's findings and conclusions apply equally to each Defendant who joined in Won's Motion except where noted.

**NO VIOLATION OF THE SPEEDY TRIAL ACT**

**18 U.S.C. § 3161**

The Speedy Trial Act generally requires commencement of trial within seventy days of the defendant's indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act recognizes, however, "that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the [Speedy Trial] Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(h)). If a defendant is not brought to trial within seventy non-excludable days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

Several of the exclusions are relevant in this case. First, 18 U.S.C. § 3161(h)(1) automatically excludes "[a]ny period of delay resulting from other proceedings concerning the defendant." Section 3161 provides examples of proceedings that concern the defendant: delays resulting from pretrial motions, delays resulting from a transfer of a case, and delays attributable "to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(D)–(E), (H).

Second, Section 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant." 18 U.S.C. § 3161(h)(6). Therefore, all "defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant and . . . the excludable delay of one co-defendant may be attributed to all defendants." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994); *see also United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009).

Third, and most important to the instant case, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides a non-exclusive list of factors courts consider, including the complexity of the case, the number of the defendants, the time needed to prepare for trial, and whether a continuation is necessary to avoid a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B).

Won asserts that this Court should dismiss his Indictment because, contrary to the Speedy Trial Act seventy-day time limit, 201 non-excludable days have passed as reflected in his table (Doc. 750 at 8 and 16–19):

| Time Period (2017–2018) | Non-excludable days alleged by Won |
|---|---|
| Nov. 15 – Nov. 20 | 6 |
| Nov. 22 – Dec. 17 | 26 |
| Dec. 20 – Feb. 3 | 46 |
| May 2 – June 12 | 42 |
| June 19 – June 27 | 9 |
| June 30 – July 10 | 11 |
| July 28 – July 30 | 3 |
| Aug. 2 – Aug. 12 | 11 |
| Aug. 15 – Aug. 20 | 6 |
| Sept. 1 – Sept. 26 | 26 |
| Oct. 2 – Oct. 14 | 13 |
| Oct. 16 – Oct. 17 | 2 |
| **Total** | **201 days** |

4

The Government maintains that most -- if not all -- of the time which Won complains is excludable. Whether dismissal is necessary turns on two events: the November 13, 2017 Order ("November 2017 Order") (Doc. 543) and the April 30, 2018 hearing before Judge Zouhary (Doc. 605).

**November 2017 Order**

Won contends that the speedy trial clock resumed as a result of the November 2017 Order vacating the January 29, 2018 trial because this Order did not include an ends-of-justice finding or otherwise exclude any time from the Speedy Trial Act. The Government responds with three arguments: (1) this Court's May 1, 2017 Order was an ends-of-justice continuance that tolled the speedy trial clock until January 29, 2018; (2) the time until January 22, 2018 is excluded from the speedy trial calculations as "delay resulting from any proceeding relating to the transfer of a case"; and (3) the November 2017 Order, although not explicitly containing the phrase "ends-of-justice," was motivated by proper ends-of-justice considerations and thus the time until January 22, 2018 is properly excluded.

According to Won, if this Court does not agree with the Government, there are 73 non-excludable days through January 29, 2018 -- or 66 non-excludable days through January 22, 2018. Won calculates the speedy trial clock was running from November 15, 2017 to November 20, 2017 (6 days); November 22, 2017 to December 17, 2017 (26 days); and December 20, 2017 to February 3, 2018 (46 days, which stopped at January 29 becomes 41 days or stopped at January 22 becomes 34 days).

This Court agrees with the litigants that *United States v. Graham*, 2008 WL 2098044 (S.D. Ohio May 16, 2008), is instructive in resolving the impact of the November 2017 Order. Won cites *Graham* in his Motion to Dismiss (and at oral argument) to support his position that the November

5

2017 Order vacating the trial date "essentially continued this trial indefinitely" and restarted the speedy trial clock. (Doc. 750 at 13, 16; Hearing PowerPoint at 3). But the Government cites *Graham* in support of its position that the November 2017 Order did not restart the speedy trial clock, which had been tolled until January 29, 2018 (*see* Doc. 819 at 10). This Court agrees with the Government's reading of *Graham*.

In *Graham*, the court declared the case complex in June 2005 and found that a continuance until December 2006 was necessary to serve the ends-of-justice. *Id.* at *2. In March 2006, the court vacated the December trial date without making "a specific finding that vacating the . . . trial date was necessary to serve the ends of justice . . . ." *Id.* The court held several status conferences later in 2006 and in 2007, but it was not until October 2007 that a trial date was established and, even then, no ends-of-justice findings were entered. *Id.* at *3. The court explained that, even though the case was declared complex in 2005 and properly continued through December 2006, the complex case designation could not be used to toll the speedy trial clock indefinitely and the defendants' speedy trial rights had been violated. *See id.* at *5–6.

Won asserts that *Graham* supports, *inter alia*, his position that an order vacating a trial date is the equivalent of a continuance, which requires an ends-of-justice finding. Although this Court agrees in principle, Won reads *Graham* too narrowly and, in fact, omits a key portion of the disposition. Indeed, in *Graham*, despite the fact that the December 2006 trial date was vacated in March 2006, the court deemed all of the time between June 2005 and December 2006 properly excluded from the speedy trial calculation. *See id.* at *2. That is, the prior designation of the case as complex and finding that a continuance to a particular date served the ends-of-justice was not undone by a later order vacating the trial date.

6

Moreover, the *Graham* defendants conceded at oral argument "that the Court's designation of the case as complex and tolling of the speedy trial clock through [December 2006] were appropriate." *Id.* The same is true here. At the recent hearing, Won conceded that the designation of this case as complex and tolling of the speedy trial clock through January 29, 2018 was proper because this Court entered contemporaneous ends-of-justice findings (Tr. 87). As in *Graham*, "the real question presented by [Won's] motion is whether more than 70 non-excludable delays have elapsed between [January 30, 2018] and the present." *Id.*

This Court concludes that all days prior to January 29, 2018 are properly excluded from the speedy trial clock. And, because this Court concludes that the Government's first argument has merit, it does not decide whether the assignment of Judge Zouhary to this case is properly deemed a "transfer" of the case for purposes of 18 U.S.C. § 3161(h)(1)(E). However, assuming *arguendo* that the November 2017 Order did restart the speedy trial clock, it was motivated by proper ends-of-justice considerations. The fact that Judge Fitzwater did not say the words "ends-of-justice" does not undermine the fact that the Order expresses his consideration of proper factors. *See United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009) (citing *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008)). The case was designated complex in the Order resetting the trial to January 29, 2018 (Doc. 543 at 1). Then Judge Fitzwater reiterated the case complexity when he explained "[d]ue to the shortage of judges on our court and the complexity of this case, it is anticipated that an active district judge from outside the circuit—a highly experienced trial judge—will be designated to replace me" (Doc. 543 at 1). This case is unlike *United States v. Huebner*, 2013 WL 6199599, at *3 (N.D. Ohio Nov. 27, 2013), in which the record was silent with respect to any contemporaneous ends-of-justice findings. And unlike *Graham*, this Court does not have to opine as to whether "the causes of the

original designation of the case as complex had continued unabated" because Judge Fitzwater expressly reiterated the complex nature of the case. *See Graham*, 2008 WL 2098044 at *5. Accordingly, even if the November 2017 Order restarted the speedy trial clock, because the Order was motivated by proper ends-of-justice considerations, the clock would be tolled until January 22, 2018 -- the date Judge Zouhary was appointed (Doc. 561).

**April 2018 Hearing**

Won contends that the clock continued to run once Judge Zouhary was assigned on January 22, 2018 because he did not set a trial date and further contends that "[t]o date, the Court has not set a trial date for this case" (Doc. 750 at 9). The Government responds -- and Won conceded at oral argument -- that trial was set for October 22, 2018 (*see* Tr. 86). Although this Court did not use the words "ends-of-justice" at the April 2018 hearing, the discussion on the record makes it clear that this Court considered proper ends-of-justice factors when it set this case for an October trial.

The transcript of the hearing reflects that this Court considered, *inter alia*, the complexity of the case, which involved 17 defendants at the time of the hearing (*id.* at 63) and a "unique prosecution" (*id.* at 51; 78); the voluminous discovery, which consisted of millions of documents and at least 16 production batches (*id.* at 61; 69–71); the obligation of the attorneys and the court to "do all we can to ensure the proper administration of justice" (*id.* at 63); and the time Defendants needed to make an informed decision whether to plead guilty or proceed to trial, as well as the time needed for trial preparation (*id.* at 64–73). All of these points are proper considerations for this Court when determining whether to grant an ends-of-justice continuance. *See* 18 U.S.C. 3161(h)(7)(B).

Indeed, according to 18 U.S.C. (h)(7)(B), this Court should consider, *inter alia*, the potential "result in a miscarriage of justice" were a continuance not granted; the number of defendants and the

unique nature of the prosecution, which made it "unreasonable to expect adequate preparation for pretrial proceedings [and] for the trial itself within the time limits established by [the Speedy Trial Act]"; and the fact that defense counsel should not be denied "the reasonable time necessary for effective preparation." 18 U.S.C. 3161(h)(7)(B)(i)–(ii), (iv). This Court considered precisely these factors and now reaffirms the decision to set the trial in October was a result of this Court's finding that the ends-of-justice were so served. *See, e.g.*, *United States v. Dignam*, 716 F.3d 915, 922 (5th Cir. 2013) (allowing a later entry of written ends-of-justice findings where the district court's reasons for granting the continuance can be fairly understood from the record); *United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994) ("In the case at hand, the district court's reasons for granting the continuance are clear and justified. Accordingly, we will not reverse because the court failed to articulate its reasons."), *abrogated on other grounds by United States v. Wells*, 519 U.S. 482 (1997); *accord United States v. Wasson*, 679 F.3d 938, 947–48 (7th Cir. 2012) (explaining that a district court's "extensive colloquy more than satisfies [the circuit court] that the [district] court balanced the factors and that the time . . . was excludable").

Won complains of nine time periods comprising 123 days between May 2, 2018 and October 17, 2018. *See supra* note 2. But because this Court's April 2018 Order continuing trial to October 22, 2018 was an ends-of-justice continuance, that time period is properly excluded from the speedy trial clock. Further, a portion of the time about which Won complains would also be excludable as this Court granted Defendant Burt's Motion for Continuance, which expressly detailed that the ends-of-justice served by continuing the trial outweighed the best interests of the public and Defendant in a speedy trial (Doc. 639). That Motion was filed and granted in July 2018 (Docs. 639, 651).

9

**Summary**

To conclude, all time that Won complains of prior to January 29, 2018 and between April 30, 2018 and October 22, 2018 is excludable time pursuant to 18 U.S.C. § 3161(h)(7)(A). The only time that counts for purposes of the speedy trial clock, according to Won's chart of non-excludable days (Doc. 750 at 8), is five days from January 30 to February 3 -- after the January 29, 2018 trial date and after Judge Zouhary was appointed to this case, but before this Court set a new trial date. The chart below summarizes the differences:

| Time Period (2017 – 2018) | Non-excludable days alleged by Dr. Won | Non-excludable days after considering the ends-of-justice continuances |
|---|---|---|
| **Nov. 13, 2017 Order vacating Jan. 29, 2018 trial date, but not altering previous ends-of-justice findings from May 1, 2017.** |||
| Nov. 15 – Nov. 20 | 6 | 0 |
| Nov. 22 – Dec. 17 | 26 | 0 |
| Dec. 20 – Feb. 3 | 46 | 5 |
| **Apr. 30, 2018 hearing before Judge Zouhary.** |||
| May 2 – June 12 | 42 | 0 |
| June 19 – June 27 | 9 | 0 |
| June 30 – July 10 | 11 | 0 |
| July 28 – July 30 | 3 | 0 |
| Aug. 2 – Aug. 12 | 11 | 0 |
| Aug. 15 – Aug. 20 | 6 | 0 |
| Sept. 1 – Sept. 26 | 26 | 0 |
| Oct. 2 – Oct. 14 | 13 | 0 |
| Oct. 16 – Oct. 17 | 2 | 0 |
| **Total** | **201 days** | **5 days** |

The speedy trial clock stopped in February (as opposed to April 30, 2018 when the Court set the October 2018 trial date) because Defendants filed a variety of motions beginning on February 4, 2018. *See* 18 U.S.C. § 3161(h)(1)(D) (*see* Doc. 563). The Speedy Trial Act has not been violated and no Defendant is entitled to dismissal on that basis.

## **SIXTH AMENDMENT HAS NOT BEEN VIOLATED**

Won's right to a speedy trial is also guaranteed by the Sixth Amendment. But "[i]t will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *See United States v. Newton*, 2010 WL 769507, at *3 (N.D. Tex. Mar. 8, 2010) (Fitzwater, C.J.) (quoting *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002)).

To decide an alleged Sixth Amendment speedy trial violation, this Court applies the four-factor test set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which considers "(1) 'length of delay,' (2) 'the reason for the delay,' (3) 'the defendant's assertion of his right,' and (4) 'prejudice to the defendant.'" *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (quoting *Barker*, 407 U.S. at 530). The length of delay is a threshold inquiry -- where the delay between the indictment and trial exceeds one year, the court should "undertake[ ] a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *Id.* (internal quotation marks omitted); *see also United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008). "Prejudice may be presumed where the first three factors weigh heavily in the defendant's favor." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (quoting *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006)) (internal quotation marks omitted). More than one year has elapsed since Won was indicted and made his initial appearance (Doc. 1 -- sealed Indictment dated November 11, 2016; Doc.

11

750 at 8 -- "Dr. Won made his initial appearance on December 21, 2016"). This Court will next evaluate the first three factors to determine whether to presume prejudice.

### Delays Did Not Prejudice

The length of the delay in Won's case is not long enough to presume prejudice based on this factor alone. *See Parker*, 505 F.3d at 328–29 ("We have held that delays of less than five years are not enough, by duration alone, to presume prejudice."). This Court will assume, without deciding, that the delay is approximately twenty-five months (from Defendants' initial appearances in December 2016 to the January 22, 2019 trial date (Doc. 819 at 38). Won does not dispute that delays similar to his have not led to a presumption of prejudice. This factor does not weigh in Won's favor. *See id.* at 329 n. 2 (citing cases that hold that fourteen months, sixteen months, and three years and nine months are insufficient delays to presume prejudice).

Second, the reason for the delay weighs against Won. "[Th]e second *Barker* factor cuts strongly in favor of a defendant where the Government acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006) (citing *Doggett v. United States*, 505 U.S. 647, 656 (1992)). "In examining the reasons for the delay, we must heed the Supreme Court's warning that 'pretrial delay is often both inevitable and wholly justifiable.'" *United States v. Neal*, 27 F.3d 1035, 1043 (5th Cir. 1994) (quoting *Doggett*, 505 U.S. at 656). This principle applies in this case, where the delay primarily results from Defendants' pretrial motions and requests for continuances. *See United States v. Washington*, 2009 WL 1664570, at *4 (W.D. La. June 11, 2009) (citing *Neal*, 27 F.3d at 1043). "Because the delays were not the result of the government's negligence or bad faith, but instead are attributable to [Won's] co-defendants, this factor weighs in favor of the state." *United States v. Wood*, 248 F.3d 1143, 2001

WL 185047, at *3 (5th Cir. 2001) (per curiam). Moreover, Won has never objected to a Co-Defendant's request for a trial continuance. In fact, no Defendant has objected to any of the continuances in this case -- only the Government has done so (Doc. 640). Similarly, any delay allegedly caused by this Court was the result of ends-of-justice continuances, which does not weigh in Defendants' favor. *Cf. United States v. Howard*, 443 F. App'x 596, 599 (2d Cir. 2011) (explaining that "a significant portion of the [43-month] delay . . . was attributable to [defendant's] own pretrial motions as well as ends-of-justice continuances that [defendant] did not oppose").

Although Won asserts his right to a speedy trial in his Motion, he has not diligently pursued that right. Won contends that he asserted his right to a speedy trial in an October 2017 Request for a Pretrial Conference (Doc. 497) and Motion for Trial Grouping/Severance (Doc. 502). But neither of these filings constitute a formal assertion of Won's Sixth Amendment right and, as explained above, Won failed to object to *any* continuance in this case. Furthermore, Won appears to argue that this Court has continually failed to set a trial date. But this Court does not agree and Won acknowledged at the hearing that trial was set for October 22, 2018 (and now is set for February 2019). Even if this Court were to take Won's contention that he asserted his speedy trial right in October 2017 as true, this factor is alone insufficient to establish a presumption of prejudice. *See United States v. Rivers*, 2018 WL 3549697, at *4 (N.D. Tex. July 24, 2018) (Fitzwater, J.). Because the first three *Barker* factors must weigh heavily in Won's favor to support a presumption of prejudice, this Court holds that prejudice is not presumed. *See id.*

Because prejudice is not presumed, Won must "demonstrate 'actual prejudice' that outweighs the other factors." *Newton*, 2010 WL 769507, at *3 (citing *United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009)). "'Actual prejudice' is assessed in light of the three following interests of the

13

defendant: (1) 'to prevent oppressive pretrial incarceration'; (2) 'to minimize anxiety and concern of the accused'; and (3) 'to limit the possibility that the defense will be impaired.'" *Id.* (quoting *Harris*, 566 F.3d at 433). A defendant's prejudice due to an impaired defense is the most serious concern. *See Barker*, 407 U.S. at 532. Won maintains he has experienced actual prejudice under all three interests.

Won first contends that, although he "has not been incarcerated pending trial, he has been subject to conditions of pretrial release, including restricting his travel to the United States" (Doc. 750 at 28). A denial of travel requests does not constitute "oppressive pretrial incarceration" and therefore no actual prejudice exists under this factor.

Won next contends that his "anxiety and concern have grown during the delay because he is entirely uncertain when this case will go to trial" (Doc. 750 at 28). But Won has failed to show any more than "the normal anxiety that courts have rejected as grounds for establishing a speedy trial violation." *Newton*, 2010 WL 769507, at *3. Won discusses the fact that he never received a target letter, the he did not receive an invitation to meet with prosecutors or testify at the Grand Jury, and that "practicing medicine with a pending Indictment is extremely difficult." At best, Won has linked his "harms" to the Indictment, not to a violation of the Speedy Trial Act, which does not support a finding of actual prejudice. *See, e.g., United States v. Blank*, 701 F.3d 1084, 1091 (5th Cir. 2012).

Won also contends that he is prejudiced because "the memories of witnesses continue to fade with time, and evidence has become more difficult for the defense to obtain due to FPMC's closure" (Doc. 750 at 28). But "[t]his blanket statement gives no indication as to the content and relevance of the lost testimony, and how its absence impaired [Won's] defense; nor does [Won] explain why he or his attorneys failed to take any steps to preserve this testimony for trial" or are otherwise unable

14

to do so now. *Washington*, 2009 WL 1664570, at *5 (citing *Neal*, 27 F.3d at 1043). As a result, Won has not demonstrated actual prejudice under this factor.

Because Won has failed to make the required showing of actual prejudice, he has not demonstrated that his Sixth Amendment right to a speedy trial has been violated. Nor can any Defendant who joined in Won's Motion make the required showing of actual prejudice. No Defendant has been incarcerated pending trial. Although this Court does not wish to minimize the impact on Defendants' respective medical practices and lives, like Won, at best, Defendants link their respective "harms" to the Indictment, not to a violation of the Speedy Trial Act. *See, e.g., Blank*, 701 F.3d at 1091. And, as to the most serious of the three types of prejudice, no Defendant sufficiently demonstrates (with references to specific testimony or evidence that is no longer available) that his/her defense will be impaired. *See id.* Only Shah claims that his financial distress "has severely limited his ability to finance all of the expenses involved in preparing for trial over the course of two years" (Doc. 758 at 4–5). But insolvency alone does not equate to prejudice and thus, especially given that Shah continues to be represented by multiple private attorneys who continue to file motions on his behalf, this Court cannot conclude that Shah has shown prejudice to his defense. *See United States v. Tannehill*, 49 F.3d 1049, 1054 (5th Cir. 1995) ("Tannehill, who was represented at trial by appointed counsel, has not shown prejudice to his defense as the result of his insolvency.").

## CONCLUSION

For the reasons explained above, this Court denies the Motions to Dismiss (Docs. 750, 754, 758, 762, 768, 777, 778, 783).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 28, 2018