IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW JONATHAN HILLMAN (19)<br>SEMYON NAROSOV (20) | No. 3:16-CR-516-JJZ |

**DEFENDANT HILLMAN'S MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION ORDER**

COMES NOW the Defendant, Andrew Hillman, by and through his counsel of record, and submits this Motion for Order Declaring Satisfaction of Restitution Order and in support thereof would respectfully show the Court as follows:

Under the MVRA, in cases involving fraud or deceit, a court must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). In this context, "[r]estitution is limited to the loss actually caused by the offense of conviction, [and] cannot be awarded for 'losses' attributable to ... conduct not charged as part of the scheme." *United States v. De Leon*, 728 F.3d 500, 507 (5th Cir. 2013).

In this case, pursuant to a Plea Agreement, the Defendant was convicted of one count of Conspiracy to Pay and Receive Health Care Bribes and Kickbacks, in violation of 18 U.S.C. § 371. As detailed within the corresponding Factual Resume, the offense conduct of conviction consisted of he and his codefendant, Semyon Narosov, "entic[ing] surgeons to use certain hospitals by offering them patients, kickbacks, or other

incentives." FACTUAL RESUME, at 3 (Dkt. No. 715). In return, the "hospitals would then pay Hillman and Narosov a kickback for each patient that the surgeon brought to the hospital for surgery." *Id.* As a result of this offense conduct, "Hillman agree[d] and stipulate[d] that the loss to insurance companies, and the self-funded programs they administered, from steering patients with in-network benefits to FPMC, an out-of-network facility, via kickbacks and the waiver of coinsurance, is $537,855.32." FACTUAL RESUME, at 4 (Dkt. No. 715); *see also* FACTUAL RESUME, at 4 (Dkt. No. 718) (Narosov makes same stipulation).

When imposing a restitution order, if "the court finds that more than one defendant has contributed to a victim's loss, the court has the discretion to find each defendant liable for payment of the full amount of restitution, *i.e.,* joint and several liability among the defendants." *United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016). However, "courts may not award restitution that would result in the payment to the victim of an amount greater than the victim's loss, nor may the district court award restitution to victims that have not been directly and proximately harmed by a defendant's offense." *Id.* (citing 18 U.S.C. § 3663A(a)(2)); *De Leon,* 728 F.3d at 506 (5th Cir. 2013) ("[T]he MVRA "does not permit a court to award a windfall greater than the victim's actual loss.").

Here, consistent with the terms of the Defendants' Plea Agreements, the Court imposed the full $537,855.32 restitution obligation on both Defendants, jointly and severally. *See* PLEA AGREEMENT, at 4 (Dkt. No. 716) ("Pursuant to 18 U.S.C. § 3663A and §3664(h), the defendant agrees to pay restitution to the victims of the offense of

conviction jointly and severally with codefendant Semyon Narosov in the amount of $537,855.82."); PLEA AGREEMENT, at 4 (Dkt. No. 719) (same); RESTITUTION ORDER, at 1 (Dkt. No. 1407) ("The Court orders restitution in the amount of $537,855.32, with joint and several liability with codefendant Semyon Narosov."). More specifically, as reflected within the Defendants' Judgments, Hillman and Narosov were ordered to make restitution to each of three victim insurance companies who suffered the following losses as a result of the offense conduct:

AETNA
$192,605.99

BLUECROSS BLUESHIELD
$23,396.71

UNITED HEALTHCARE
$321,852.62

JUDGMENT, at 7 (Dkt. No. 1409) (Hillman); JUDGMENT, at 6 (Dkt. No. 1507) (Narosov).

Subsequent to the entry of the Judgments against them, both Hillman and Narosov have been making periodic payments towards their restitution obligation. To date, they have made restitution payments totaling $269,450.00 and $269,553.05, respectively, for a combined total of $539,553.05. *See* Exhibit A – Hillman Payment History Report, at 2-3; Exhibit B – Narosov Payment History Report, at 1. As such, they have now fully satisfied their joint and several restitution obligation. By paying over the full $537,855.32 loss amount, the Defendants have made each of the three victim insurance companies whole, thereby fulfilling their restitution obligation.

Indeed, as the Fifth Circuit has explained, the government "may not collect more from all defendants together than will make the victim whole." *Sheets*, 814 F.3d at 261 (5th Cir. 2016); *see also Yalincak*, 30 F.4th at 122 ("If the court chooses the first alternative and imposes the full restitution obligation on both offenders, doing so does not entitle the victim to a double recovery; the goal of the statute is to provide crime victims with full compensation, but not with a windfall."). This follows from "the fact that a victim is not entitled to recover more than he lost simply because two different offenders caused that loss and are liable to pay restitution." *Id.* at 127.

## PRAYER FOR RELIEF

Accordingly, for each of the reasons set forth above, the Defendant respectfully requests that the Court enter an order reflecting the repayment in full of the $537,855.32 loss sustained by the victim insurance companies as a result of the offense conduct and affirming that the Defendant's restitution obligation in this matter has thus been fully satisfied.

Respectfully submitted,

*/s/ Brian D. Poe*

**BRIAN D. POE**
Texas Bar No. 24056908
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
817.870.2022 telephone
817.977.6501 facsimile
bpoe@bpoelaw.com

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Defendant has conferred with counsel for the Government, AUSA Beverly Chapman, regarding the foregoing motion and that the Government is opposed to this motion and the relief sought.

*/s/ Brian D. Poe*
BRIAN D. POE

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, a true and correct copy of the foregoing motion was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

*/s/ Brian D. Poe*
BRIAN D. POE