IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,

v.

ANDREW JONATHAN HILLMAN

No. 3:16-CR-516 (19)

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT HILLMAN'S MOTION CONCERNING RESTITUTION**

Defendant Hillman pled guilty to conspiracy to pay and receive health care bribes and kickbacks for his role in the multimillion-dollar Forest Park Medical Center (FPMC) scheme. (Plea Agreement, ECF No. 716.) This Court sentenced Hillman to 60 months of incarceration and ordered, pursuant to the Mandatory Victims Restitution Act (MVRA), that Hillman pay $537,885.82 in restitution to the victims of his crime. (Judgment, ECF No. 1409.) The judgment specifically provided (at 5) for "joint and several" liability with all codefendants to "continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim has been paid the total amount of his loss from all the restitution paid by the defendant and co-defendants in this matter." In other words, Hillman remains liable for the full amount of restitution ordered until he has individually paid $537,885.82 or his victims in this matter (Blue Cross Blue Shield, AETNA, and United Health Care) have been fully compensated for the almost $80 million they lost from the comprehensive criminal scheme.

Seeking to avoid the plain meaning of the Court's language, Hillman now contends that he need not pay the full amount of restitution ordered even though none of his victims have yet been made whole. Because Hillman's request is contrary to the judgment and controlling precedent—both of which require Hillman to pay the entire sum of $537,885.82—the Court should deny his motion in full.

## BACKGROUND

The FPMC kickback scheme was a sprawling conspiracy aimed to "steer patients to Forest Park by way of buying surgeries" and conceal that conduct through sham marketing and consulting contracts. *United States v. Shah*, 95 F.4th 328, 388 (5th Cir. 2024). As one of the defendants who played a part in this scheme, Hillman admitted that he (along with codefendant Narosov) recruited surgeons to perform surgeries at FPMC and received a 10% kickback for each procedure. (Factual Resume, ECF No. 715 at 3.) Hillman also admitted that he and Narosov "submitted phony invoices" in an attempt "to conceal the illegal purpose of the kickback payments." (*Id.* at 4.)

The victims of the FPMC conspiracy—federal and private insurers—suffered tens of millions of dollars in losses "because they paid inflated claims to Forest Park as a result of the defendants' surgery-buying scheme." *Shah*, 95 F.4th at 388. The Court determined that the scheme caused a loss of nearly $83 million to the victims. In sum, the victims in this matter are owed the following amounts of restitution:

| Victim | Total Owed by Defendants |
|---|---|
| Blue Cross Blue Shield | $5,826,091.32 |
| AETNA | $29,176,067.34 |
| CIGNA | $2,461,892.67 |
| United Healthcare | $44,616,809.07 |
| FEHBP | $840,005.99 |

(Restitution Order, ECF 1524) (ordering restitution for codefendant Toussaint). Of the defendants ordered to pay restitution, only Beauchamp, Toussaint, Barker, and Burt were ordered to pay the full amount. The restitution orders for the remaining defendants found them liable for a portion of the loss—allocated based on their role in the scheme—with each defendant (including Hillman) held jointly and severally liable with every other codefendant who was ordered to pay restitution to these victims.

Hillman signed a plea agreement that contained a non-binding provision regarding restitution. (ECF No. 716 at ¶¶ 4, 12) (no "sentencing limitations" related to restitution or "guarantees or promises from anyone as to what sentence the Court will impose"). Hillman agreed "to pay restitution to the victims of the offense of conviction jointly and severally with codefendant Semyon Narosov in the amount of $537,855.82." (*Id.* ¶ 8.) The Court ultimately ordered Hillman to pay restitution in the agreed-upon amount as follows:

| Victim | Total Owed by Hillman |
|---|---|
| Blue Cross Blue Shield | $23,396.71 |
| AETNA | $192,605.99 |
| United Healthcare | $321,852.62 |

(Judgment, ECF No. 1409.) The liability for restitution was imposed "joint and several with that of any other defendant ordered to make restitution for the offenses in this matter." (*Id.* at 5.) The judgment further specified that Hillman's "liability for restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim has been paid the total amount of his loss from all the restitution paid by the defendant and co-defendants in this matter." (*Id.*)

The written judgment is consistent with the Court's statements at sentencing, which confirmed the liability is "joint and several with *all* co-defendants," both those who had "pled guilty" and those who "were found guilty" at trial. (Hillman Sentencing Tr., ECF No. 1416 at 47:4-7) (emphasis added). It is also consistent with the Amended Restitution Order, which likewise provided that Hillman's restitution liability is "joint and several with all other Defendants who are ordered to pay restitution." (ECF No. 1408.)[1]

[1] Hillman cites the earlier Restitution Order entered in his case (ECF No. 1407) which imposes "joint and several liability with codefendant Semyon Narosov," but neglects to recognize that this language was expressly struck by the Amended Restitution Order, which specifies that the liability is "joint and several with all other Defendants." Although there is no conflict here, the Court's oral pronouncement imposing

As of today, Hillman has paid $269,450.00 toward his restitution obligation. Other codefendants, including Narosov, have also made payments toward their own obligations both through voluntary and enforced collections totaling nearly $13 million. Even assuming (for current purposes only) that the Clerk sent that entire sum to Hillman's three victims, it still would fall far short of the approximately $80 million in losses that they suffered because of the FPMC scheme.

## ARGUMENT AND AUTHORITIES

The judgment in this case does not provide that Hillman's restitution obligation is satisfied if he and Narosov pay a combined $537,855.02. The opposite is true: the judgment requires him to pay the entire sum until each victim is fully compensated for the harm caused by all defendants who participated in this conspiracy. Hillman has not paid in full and none of his victims have yet been made whole. Contrary to his arguments, requiring Hillman to pay the full amount of restitution order would thus not result in a windfall to any victim. The United States therefore opposes his effort to extinguish the remainder of his outstanding restitution obligation.

### I. The Court imposed a hybrid restitution order.

The MVRA "seeks primarily to ensure that victims of a crime receive full restitution." *Dolan v. United States*, 560 U.S. 605, 612 (2010). To meet that obligation, the MVRA provides sentencing courts with considerable discretion to allocate liability when multiple defendants contribute to a victim's loss, allowing courts to impose:

(1) Joint and several liability—making each defendant liable for the full amount;

(2) Apportioned liability—making each defendant liable for a separate amount based on their relative culpability and economic circumstances; or

joint and several liability with all defendants would control even if there were. *See United States v. Kindrick*, 576 F.2d 675, 676–77, 677 n.1 (5th Cir. 1978) (collecting cases).

(3) Hybrid liability—combining the first two options by both apportioning liability for each defendant "while concurrently making all of the defendants jointly and severally liable."

*See United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) (citing 18 U.S.C. § 3664(h)).

The Fifth Circuit expressly sanctioned the hybrid approach as "appropriate mechanism" when "multiple defendants are held liable for injuries caused by a common scheme." *Id.* at 261. Courts nationwide have likewise endorsed the hybrid approach, recognizing that it "accounts for multiple defendants' varying degrees of contribution to a victim's total loss, while also prioritizing the victim's likelihood of recovery." *United States v. Yalincak*, 30 F.4th 115, 121-24 (2d Cir. 2022) (concluding that "hybrid restitution orders are entirely compatible with both the MVRA and our traditional understanding of joint and several liability in restitution obligations"); *see also United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001) (upholding joint and several liability permitting a victim to "recover its losses from all or some of the wrongdoers").

The Court employed the hybrid approach here. The judgment ordered Hillman to pay an apportioned amount ($537,855.82 out of $79,618,967.73) while holding him jointly and severally liable with all other codefendants owing restitution. *See United States v. Novikov*, 624 F. Supp. 3d 550, 558 (E.D. Pa. 2022) (concluding that judgments "support[ed] the application of the hybrid approach" where each judgment "apportioned a sum of restitution" while making defendants jointly and severally liable with codefendants who owed the full amount). And as detailed further below, the judgment's express provision that Hillman's liability "shall continue unabated" until he has paid "the full amount of restitution ordered" or each of his victims has been made whole for all the loss caused by "the defendant and co-defendants in this matter" (ECF No. 1409 at 5) confirms the Court's intent to impose a hybrid restitution order.

## II. The Court did not apportion $537,855.82 exclusively to Hillman and Narosov.

Hillman erroneously contends (at 3) that the Court apportioned $537,855.82 of the loss exclusively to him and Narosov. In Hillman's view, the Court held only him and Narosov liable for that sum, and their separate obligations would be fully satisfied once their combined payments reached that amount. Hillman is mistaken. His interpretation is at odds with the plain text of the judgment.

To be sure, the Court could have strictly apportioned liability in this manner under 18 U.S.C. § 3664(h) and severed Hillman and Narosov from the overall FPMC conspiracy. *See Yalincak*, 30 F.4th at 129-30 (describing judgment language that "alters the hybrid approach"); *Novikov*, 624 F. Supp. at 557-58 (noting that defendant bears the burden of establishing that conduct "was severable from the entire scheme"). But that is not what the Court did here. Hillman entirely neglects to mention—much less contend with—the language (announced orally at sentencing and set forth in writing in the judgment) imposing joint and several liability with *all* defendants—not just Narosov. He also ignores the judgment's provision that his liability continues unabated until he either pays in full or his victims receive full compensation.

Even if the Court could look past the judgment's specific language, Hillman's approach fails to account for the fact that the Court did not reduce any of the other codefendants' obligations by a corresponding amount. That too shows the error in his position: if the Court had intended to strictly apportion liability, it would have been required to reduce the restitution ordered from each of the remaining codefendants to avoid awarding any victim "an amount greater than the victim's loss." *Sheets*, 814 F.3d at 260; *see also Diaz*, 245 F.3d at 312 (clarifying that overlapping restitution obligations did not award sum greater than victim's loss when they were imposed on a joint and several basis).

Finally, the fact that Hillman's plea agreement only listed Narosov as a joint and several codebtor is of no moment because the Court is not bound by the plea agreement when ordering restitution. *See, e.g.*, *United States v. Owusu*, 2021 WL 3854769, at *4 (5th Cir. Aug. 27, 2021) (holding MVRA allows court to impose restitution exceeding agreed-to amount). In any event, the MVRA provides the Court wide discretion to allocate liability in a way that is both fair to a defendant and beneficial to the victims, *see* 18 U.S.C. § 3664(h), and no provision in Hillman's plea agreement purports to cabin that discretion here.

## III. No windfall will result by holding Hillman liable for the full amount ordered.

The judgment explicitly provides that Hillman remains liable for the entire amount ordered until his victims are made whole for the harm caused by the entire scheme. That directive complies with controlling Fifth Circuit precedent. And as explained below, Hillman's concern about providing the victims in this case a windfall is unfounded.

In *Sheets*, the Fifth Circuit determined that "the MVRA permits the Government to hold any individual defendant liable for as much as the court ordered as to that defendant" when enforcing a hybrid restitution order. 814 F.3d at 261 (citation omitted). At the same time, the government may not seek a windfall by attempting to "collect more from all defendants together than will make the victim whole." *Id.* This approach ensures that "restitution payments from all defendants contribute toward the victim's overall recovery," which affords victims their right to "full and timely restitution" and "align[s] with the purpose of the MVRA." *Id.* at 262 (citation omitted); *see* 18 U.S.C. § 3771(a) (providing crime victims "[t]he right to full and timely restitution"); § 3771(b) ("court shall ensure" crime victims are afforded their rights).

Under the hybrid approach, payments from any defendant are applied to that defendant's individual liability and thus "to the total sum owed by all defendants." *Sheets*, 814 F.3d at 262. In a large scheme with multiple defendants, payments made by a less culpable offender—like

Hillman here—reduce the "overall sum" owed to any victim, but do not reduce liability for similarly situated defendants. *Id.* For example, Hillman's payments here are applied toward both his individual balance and the nearly $83 million owed by all defendants. Because Beauchamp, Toussaint, Barker, and Burt are liable for the entire scheme, Hillman's payments partially satisfy their individual obligations as well. But his payments do not correspondingly satisfy the sum owed by Narosov or other codefendants who owe a lesser portion of the restitution awarded to the victims. As the Fifth Circuit noted, apportioning payments from joint and several codefendants in this manner is consistent with "the MVRA's rules regarding liability apportionment" and "aids the [victims] in promptly recovering for [their] injuries." *Id.*

Other circuits agree. The Second Circuit similarly held that "hybrid restitution obligations are not satisfied until either a defendant has paid as much as she has been ordered to pay or the victim has been made whole." *Yalincak*, 30 F.4th at 126. That interpretation guarantees that the victims benefit from one of the animating purposes of the hybrid approach: "to ensure *multiple* sources of restitution, up until the point at which the victim is made whole or an individual defendant has satisfied his or her obligation." *Id.* at 129 (emphasis in original). Likewise, the Tenth Circuit affirmed a district court's decision that a defendant "must continue to pay restitution" under the hybrid approach until he paid the full amount ordered or the victim was made whole. *United States v. Salti*, 59 F.4th 1050, 1056 (10th Cir. 2023) (noting "federal courts have uniformly interpreted restitution orders like those in this case the same way" and collecting cases); *see also Novikov*, 624 F. Supp. 3d at 557 (rejecting defendants' request for "dollar-for-dollar" credit where they had not satisfied their own obligations and victim had not been made whole for entire harm caused by the comprehensive healthcare fraud scheme).

Hillman asserts (at 3-4) that any further payment from him (or Narosov) would provide a "windfall" to his victims. That is not so. Hillman's victims in this case suffered tens of millions in damages—well beyond the comparatively modest amount owed by Hillman and Narosov—from the entire FPMC scheme. None of them have been made whole for those losses. Holding Hillman liable to the full extent the Court ordered would not cause the government to "collect more from all defendants together than will make the victim whole." *Sheets*, 814 F.3d at 261; *see also Yalincak*, 30 F.4th at 127 (observing that the rule against double recoveries "does not absolve any defendant from the obligation to pay the restitution that she has been sentenced to pay before the victim has been fully satisfied"). Hillman's contention that that any additional payments from him or Narosov would create a "double recovery" thus has no merit.

Consistent with the judgment's plain text, the holding in *Sheets*, and the persuasive authority from numerous other federal cases analyzing hybrid restitution orders, the United States can hold Hillman liable for the entire amount ordered until his victims have been made whole for their losses caused by the FPMC scheme. This approach not only accords with the MVRA and controlling precedent, but also treats fairly Hillman and his codefendants. Because Hillman "unequivocally agreed to pay" $537,855.82 in restitution, "[i]t is no injustice to require him to pay that amount." *See Salti*, 59 F.4th at 1057. And absolving Hillman from the remainder of his unpaid liability would work an injustice on his codefendants, who would lose a joint and several codefendant that could satisfy a portion of the overall judgment. *See Sheets*, 814 F.3d at 262.

**IV. Hillman has waived his ability to challenge the restitution order.**

To the extent the Court construes Hillman's filing as a challenge to the restitution order, any such challenge would be foreclosed by the waiver contained in the plea agreement, which waived his right to appeal or otherwise contest any "order of restitution." (ECF No. 716 at ¶ 13.)

Such a challenge would be fruitless in any event. The Court lacks authority to vacate, remit, or otherwise amend the restitution order. The MVRA provides that "[a] sentence that imposes an order of restitution is a final judgment," and may only be modified in a limited set of circumstances. 18 U.S.C. § 3664(o). "'Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule.'" *United States v. Hancock*, 2021 WL 829953, at *1 (N.D. Tex. Mar. 4, 2021) (quoting *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014)). No statute or rule affords Hillman the relief he seeks here. To the contrary, the "terms of the MVRA clearly dictate that a district court cannot remit a mandatorily imposed restitution order." *United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006).

## CONCLUSION

Hillman took a plea bargain to obtain a favorable sentence resulting from his criminal conduct within the FPMC scheme, and he agreed to pay $537,855.82 in restitution to his victims. He now seeks to dodge that obligation even though none of his victims have been made whole. The law does not permit that result. For these reasons, the Court should deny Hillman's motion in full and reaffirm his personal liability to pay the amount ordered by the judgment.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

/s/ *Saurabh Sharad*
Saurabh Sharad
Assistant United States Attorney
New York Bar No. 5363825
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8848
saurabh.sharad@usdoj.gov

**CERTIFICATE OF SERVICE**

On April 5, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

/s/ *Saurabh Sharad*
Saurabh Sharad
Assistant United States Attorney